FILED
2017 Aug-22  AM 09:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| Malinda Rusk, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. |
| Franklin Collection Service, Inc., a Mississippi corporation, | ) ) ) | Class Action |
| Defendant. | ) ) | Jury Demanded |

### CLASS ACTION COMPLAINT

Plaintiff, Malinda Rusk, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the Fair Credit Reporting Act, 18 U.S.C. § 1681 et seq. ("FCRA"), for a finding that Defendant's collection actions violated the FDCPA and FCRA, and to recover damages, and alleges:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, § 1681p of the FCRA and 28 U.S.C. § 1331.

2.     Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and 3) Defendant resides and transacts business here.

### PARTIES

3.     Plaintiff, Malinda Rusk ("Rusk"), is a citizen of the State of Alabama, residing in the Northern District of Alabama, from whom Defendant attempted to collect

a delinquent consumer debt, which she allegedly owed to a hospital.

4.     Defendant, Franklin Collection Service, Inc. ("Franklin"), is a Mississippi corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  Defendant Franklin operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Alabama.  In fact, Defendant Franklin was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.     Defendant Franklin is authorized to conduct business in the State of Alabama and maintains a registered agent here, see, record from the Alabama Secretary of State, attached as Exhibit A.  In fact, Defendant Franklin conducts business in Alabama.

## FACTUAL ALLEGATIONS

6.     On September 21, 2015, Ms. Rusk filed a Chapter 7 bankruptcy petition in a matter styled In re: Rusk, N.D. AL. Bankr. No. 15-82551-CRJ7.  Among the debts listed on Schedule F of her bankruptcy petition were debts she owed to various hospitals, including Athens Limestone Hospital.  A copy of a portion of her bankruptcy petition is attached as Exhibit B.

7.     Accordingly, on September 24, 2015, both the hospital and Franklin were sent, via U.S. Mail, notice of the bankruptcy by the court, see, the Certificate of Service to the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines, which is attached as Exhibit C.

8.     On December 30, 2015, Ms. Rusk received a discharge of her debts, and

on January 1, 2016, the hospital and Franklin were sent notice of this discharge, via

U.S. Mail, by the bankruptcy court, see, the Certificate of Service to the Discharge of

Debtor, which is attached as Exhibit D.

9.      Moreover, Ms. Rusk's bankruptcy is a matter of public record, and is on

her credit reports, is in the files of the creditor, and is readily discoverable by any

competent debt collector via one of the bankruptcy "scrub" services.

10.      Nonetheless, Defendant Franklin sent Ms. Rusk a collection letter, dated

May 5, 2017, demanding payment of the hospital debt she allegedly owed prior to the

bankruptcy.  A copy of this collection letter is attached as Exhibit E.

11.      Moreover, on May 5, 2017, Defendant Franklin, without permissible

purpose, pulled/accessed Ms. Rusk's TransUnion credit report.  A copy of the pertinent

part of this credit report is attached as Exhibit F.

12.      Additionally, during May, 2017, Defendant Franklin made a negative credit

report on Ms. Rusk's Experian credit report.   A copy of the pertinent part of this report is

attached as Exhibit G.

13.      Defendant's violations of the FDCPA were material because Defendant's

continued collection communications to Ms. Rusk, after she had received her

bankruptcy discharge, made Plaintiff believe that her exercise of her rights through filing

bankruptcy may have been futile and that she did not have the right to a fresh start that

Congress had granted her under the FDCPA and the Bankruptcy Code.

14.      All of Defendant Franklin's collection actions at issue in this matter

Exhibits E, F and G) occurred within one year of the date of this Complaint.

15.      Defendants' collection communications are to be interpreted under the

"least sophisticated consumer" standard, see, Jeter v. Credit Bureau, 760 F.2d 1168, 1176 (11th Cir. 1985); LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193-1194 (11th Cir. 2010).

## COUNT I
## Violation Of § 1692e Of The FDCPA --
## Demanding Payment Of A Debt That Is Not Owed

16.     Plaintiff adopts and realleges ¶¶ 1-15.

17.     Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

18.     Demanding payment of a debt that is no longer owed, due to a bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA, see, Randolph v. IMBS, 368 F3d 726, 728-730 (7th Cir. 2004).  Moreover, making a false credit report that the debt was owed further violates § 1692e of the FDCPA.

19.     Defendant Franklin's violations of § 1692e of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications And Cease Collections

20.     Plaintiff adopts and realleges ¶¶ 1-15.

21.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from

continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

22.     Here, the bankruptcy and the notices issued by that court (Exhibits C and D) provided notice to cease communications and cease collections.  By communicating regarding this debt and demanding payment (Exhibit E), Defendant violated § 1692c(c) of the FDCPA.

23.     Defendant Franklin's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT III
## Violation Of § 1692e(5) Of The FDCPA –
## Taking An Action That Could Not Be Legally Taken

24.     Plaintiff adopts and realleges ¶¶ 1-15.

25.     Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, taking any action that the collector cannot legally take, see, 15 U.S.C. § 1692e(5).

26.     Defendant was prohibited from obtaining/viewing Plaintiff's credit report after her debt was discharged in bankruptcy, see, § 1681b(f) of the FCRA.

27.     By viewing/obtaining Ms. Rusk's credit report, despite notice that her debt was included in her bankruptcy and had been discharged, Defendant violated § 1692e(5) of the FDCPA.

28.     Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. §

1692k.

**COUNT IV**
**Violation of § 1681b of The FCRA --**
**Willful Wrongful Procurement Of Plaintiff's Credit Report**

29.      Plaintiff adopts and realleges ¶¶ 1-15.

30.      Under the FCRA, a consumer reporting agency is prohibited from furnishing a consumer report to a person who lacks a permissible purpose.  The permissible purposes allowed by the Act are set forth in 15 U.S.C. § 1681b(a)(3)(A-F).

31.      Under 15 U.S.C. § 1681b(f), a person is prohibited from obtaining a credit report on a consumer unless the person has a permissible purpose for procuring the report and certifies that purpose to the consumer reporting agency.

32.      Defendant, by reviewing Plaintiff's credit report in an attempt to collect a debt which had been discharged in a Chapter 7 bankruptcy, violated 15 U.S.C. § 1681b(f).  Defendant had no permissible purpose in obtaining Plaintiff's credit reports, as she had completed a Chapter 7 bankruptcy in which the debt that Defendant was attempting to collect had been discharged.

33.      Consistent with its pattern and practice, Defendant wrongfully obtained the credit report of Plaintiff after her debt had been discharged in bankruptcy, in its attempt to collect the debt.  Defendant had no permissible purpose under § 1681b of the FCRA for obtaining Plaintiff's credit report.

34.      The entities from which the Defendant obtains credit reports of non-applicants in connection with its attempts to collect debts are "consumer reporting agencies" within the meaning of the FCRA.

35.      In connection with its practice of obtaining credit reports of consumers in

its attempts to collect debts, Defendant acted willfully and in conscious disregard for the rights of Plaintiff under the FCRA.  Consistent with its practice, Defendant acted willfully and in conscious disregard for the rights of Plaintiff in obtaining her credit report.

36.     Defendant Franklin's violations of § 1681b(f) of the FCRA render it liable for statutory and punitive damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1681n.

## CLASS ALLEGATIONS

37.     Plaintiff, Malinda Rusk, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Alabama from whom Defendant attempted to collect a delinquent consumer debt, allegedly owed to a hospital, which had been discharged in a bankruptcy, via the same collection letter and credit reporting practices that Defendant used as to Plaintiff, from one year before the date of this Complaint to the present.  This action seeks a finding that Defendant's collection practices violate the FDCPA and the FCRA, and asks that the Court award damages as authorized by the FDCPA and FCRA.

38.     Defendant Franklin regularly engages in debt collection, using the same collection practices that it engaged in against Plaintiff Rusk, in its attempts to collect delinquent consumer debts from other consumers.

39.     The Class consists of more than 40 persons from whom Defendant Franklin attempted to collect delinquent consumer debts by sending other consumers collection letters, by obtaining credit reports and by credit reporting, as they did with Plaintiff Rusk.

40.     Plaintiff Rusk's claims are typical of the claims of the Class.  Common

questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

41.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

42.     Plaintiff Rusk will fairly and adequately protect and represent the interests of the Class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Rusk has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

### PRAYER FOR RELIEF

Plaintiff, Malinda Rusk, individually and on behalf of all other similarly situated, prays that this Court:

1.     Certify this matter as a class action, and appoint Plaintiff Rusk as the class representative, and her attorneys as class counsel;

2.      Find that Defendant's form collection letters violates the FDCPA and the

FCRA;

3.      Enter judgment in favor of Plaintiff Rusk and the class, and against

Defendant, for actual, statutory and punitive damages, as provided by §1692k(a) of the

FDCPA and § 1681n of the FCRA.

4.      Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Malinda Rusk, individually and on behalf of all others similarly situated,

demands trial by jury.

<div style="margin-left:50%">

Malinda Rusk, individually and on
behalf of all others similarly situated,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

By: /s/ Ronald C. Sykstus_____
One of Plaintiff's Attorneys

</div>

Dated:  August 21, 2017

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Ronald C. Sykstus   (AL Bar No. ASB-7064-K73R)
Bond, Botes, Sykstus, Tanner & Ezzell, P.C.
225 Pratt Avenue
Huntsville, Alabama 35801
(256) 539-9899
(256) 713-0237 (FAX)
Rsykstus@bondnbotes.com